UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-CR-00036-MOC-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| KENDALL CHARLES ALEXANDER, SR., | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss for Violation of the Speedy Trial Act. (Doc. No. 52). The Government has responded in opposition to the motion. (Doc. No. 57). For the following reasons, Defendant's motion will be **DENIED**.

I.  BACKGROUND

The Charlotte Mecklenburg Police Department (CMPD) arrested Defendant on October 15, 2021. (Doc. No. 52 at 1). Defendant's arrest resulted from his flight from officers after allegedly committing armed robbery of a Bank of America. Defendant's October 15 arrest was not the product of a federal investigation. Defendant was charged with robbery with a dangerous weapon and related offenses under North Carolina General Statutes. (Doc. No. 52 at 2); See N.C. GEN. STAT. § 14-87.

On February 15, 2022, a federal grand jury returned a three-count bill of indictment charging Defendant with armed robbery of the Bank of America, along with related firearm offenses. (Doc. No. 1). An arrest warrant for Defendant was issued. (Doc. No. 2). The following day, February 16, 2022, the government filed a petition for writ of habeas corpus ad prosequendum, to secure Defendant's appearance in connection with his federal charges. (Doc. No. 4). On February 17, 2022, the magistrate judge issued the requested writ and scheduled Defendant's initial appearance for March 8, 2022. (Doc. No. 6). Defendant's federal arrest for the armed robbery of the Bank of

1

America occurred on March 8, 2022. Also on March 8, 2022, Defendant made his initial appearance, was arraigned, and pled not guilty. On the same day, the Government moved for detention and Defendant consented to detention. This Court issued a Scheduling Order calendaring Defendant's matter for a status conference on April 25 and a docket call on May 2.

On April 5, June 13, August 8, and October 5, Defendant filed motions to continue the trial settings of May 2, July 5, September 6, and November 7, respectively. (Doc. Nos. 22, 27, 33, 48). This Court granted all four of Defendant's Motions and ordered that any "delay caused by this continuance shall be excluded in accordance with 18 U.S.C. § 3161(h)(7)(B)(iv)[.]" (Doc. Nos. 24, 29, 39, 51).

## II. DISCUSSION

The Speedy Trial Act requires that a defendant who enters a plea of not guilty, following a federal arrest on a federal charge, be brought to trial within 70 days of his initial appearance or indictment, whichever is later. 18 U.S.C. §§ 3161(c)(1), 3162(a)(2). Specifically, 18 U.S.C. § 3161(c)(1) stipulates:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

Specific types of delay described in 18 U.S.C § 3161(h) will not be counted toward this 70-day period.

The Speedy Trial Act is intended to provide an orderly and expeditious procedure for federal criminal prosecutions by mandating specific time limits "within which the various progressions in the prosecution must occur." United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir. 1982).

2

Here, Defendant argues his state arrest trigged the Speedy Trial Act's time limit. However, "[s]ince the Act applies only to federal prosecutions it is only a federal arrest, not a state arrest, which will trigger the commencement of the time limits set in the Act." Id. This distinction upholds "the doctrine of dual sovereignty, which recognizes that 'the federal government is not bound by the actions of state authorities and that successive state and federal prosecutions are constitutionally permissible.'" Id. (quoting United States v. Wilson, 657 F.2d 755, 767 (5th Cir. 1981)). Thus, while it has long been understood that "an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each," only a federal arrest will trigger the Speedy Trial Act. United States v. Lanza, 260 U.S. 377, 382 (1922).

Because the Speedy Trial Act is triggered only by a federal arrest, Defendant's 70-day clock began when he "appeared before a judicial officer of the court" for his initial appearance on March 8, 2022. March 8, 2022, itself is not included in the Speedy Trial Act calculation because the day of the event that triggers the Speedy Trial Act's clock is not included in the calculation. United States v. Stoudenmire, 74 F.3d 60, 63 (4th Cir. 1996). Therefore, the first non-excludable day was March 9, 2022.

The Speedy Trial Act clock in this case has been subject to several delays that fall under 18 U.S.C § 3161(h). Pertinent here, the day a motion is filed is not included in the Speedy Trial Act calculation. Id. The Speedy Trial Act clock ran from March 9, 2022, until April 5, 2022, when Defendant filed an unopposed motion to continue trial. (Doc. No. 22). Twenty-seven days ran from March 9 through April 4, at which point the clock stopped. The clock stopped between April 5 and April 14, 2022, while the motion to continue was considered by this Court. 18 U.S.C. § 3161(h)(1)(D). The Court granted Defendant's motion to continue on April 14, 2022. (Doc. No. 24). Subsequent motions to continue trial have meant the Speedy Trial Act was paused from April 14

3

Case 3:22-cr-00036-MOC-DSC    Document 61    Filed 11/21/22    Page 3 of 4

through the present day. As a result, only 27 non-excludable days–those from March 9, 2022, through April 4, 2022–have run under the Speedy Trial Act clock. Because only 27 days have run under the Speedy Trial Act, Defendant's right to a speedy trial has not been violated.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss for violation of the Speedy Trial Act (Doc. No. 52) is **DENIED**.

Signed: November 18, 2022

Max O. Cogburn Jr
United States District Judge